23-1078

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

Paul Jones

Plaintiffs-Appellant,

v.

SANDRA ROBINSON,

Defendant - Appellee,

The Bank of New York , Trustee for The Certificate Holders CWABS,

Inc., Asset-Backed

Certificate, Series 2004-7; SELECT PORTFOLIO SERVICING, INC.,

Defendants Appellee

OPENING BRIEF

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
NO: 419-CV-110933 ( HONORABLE F. Dennis Saylor, IV)
OPENING BRIEF FOR PLAINTIFF-APPELLANT PAUL JONES

<u>23-1078</u>

---

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

---

<u>Paul Jones</u>

<u>Plaintiffs-Appellant,</u>

<u>v.</u>

SANDRA ROBINSON,

Defendant - Appellee,

The Bank of New York , Trustee for The Certificate Holders CWABS,

Inc., Asset-Backed

Certificate, Series 2004-7; SELECT PORTFOLIO SERVICING, INC.,

Defendants Appellee

---

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

NO: 419-CV-110933 ( HONORABLE F. Dennis Saylor, IV)

OPENING BRIEF FOR PLAINTIFF-APPELLANT PAUL JONES

1

# TABLE OF CONTENTS

ORAL ARGUMENTS......................................................................3

JURISDICTIONAL STATEMENT............................................3

QUESTION PRESENTED FOR REVIEW ...........................3-5

STANDARD OF REVIEW..................................................5-6

SUMMARY OF ARGUMENT.............................................6-7

BACKROUND..................................................................7-16

ARGUMENTS

FAILURE TO COMPLY WITH PARAGRAPH 22.........................16-21


FAILURE TO NOTIFY TAX COLLECTOR G.L. c. 244, § 15A........22-26

FAILURE TO AVOID FORECLOSURE  G.L. c. 244, § 15A...............26-28

MERS CANNOT TRANSFER THE NOTE................................28-33


STANDING TO CHALLENGE  THE ASSIGNMENT...................33-34

APPELLEES FAILURE TO RESCIND 2007 FORCLOSURE......34- 36

CONCLUSION.......................................................................38

CERTIFICATE OF COMPLIANCE..............................................39

CERTIFICATE OF SERVICE.......................................................40

## ORAL ARGUMENTS

1. Relevant issues can be sufficiently presented in the parties' briefing, the issues are narrow and straightforward, and oral argument is unnecessary.

## JURISDICTIONAL STATEMENT

2. The District Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is Diversity Plaintiff lives in Massachusetts and Defendants are corporations incorporated in another state.

3. The venue is proper in this District under 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred within this District and the defendant conducts business and maintains a presence within this District.

4. The Judgment was final and disposed of all claims and the Appellant filed a timely notice of appeal, this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and the appeal is also timely pursuant to Fed. R. App. P. 4(a)(1)(A).

# QUESTION PRESENTED FOR REVIEW

(1) Whether "SPS, complied with Paragraph 22 of the mortgage when they sent the notice of default to the appellant pursuant to Section 22 of the mortgage and the Power of Sale.

(2) Whether the appellees failed to strictly comply with § 15A, when the failed to notify the tax collector of a foreclosure sale within 30 days.

(3) Whether the appellees failed to comply with Massachusetts law G.L. c. 244, § 15A. and 24 C.F.R. § 203.604(b) when appellees failed to first make a reasonable effort to arrange a face to face meeting with the appellant before foreclosing.

(4) Whether the appellant has standing to challenge to the validity of a mortgage assignment when a defect renders the assignment void not merely voidable.

(5) Whether appellee rescinded the prior 2007 Foreclosure under Massachusetts Law.

(6) Whether Mortgage Electronic Registration System ("MERS") has the power to transfer a Note.

4

(7) Whether the governing assignment BNY relies on is defective because the date was changed from October 10, 2006, to January 25, 2008, by a non-notary.

(8) Whether appellees were in possession of promissory note and a valid mortgage when the foreclosure action commenced.

## STANDARD OF REVIEW

5. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

6. The court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

7. A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

5

*Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## SUMMARY OF THE ARGUMENT

8.  The lower and the appellees erred stating that appellees BNY and SPS complied with the Massachusetts Power of Sale Section 21, 22 of the mortgage when the servicer sent the default notice.

9.  The lower court and appellees also erred when they stated and found that the "courts agreed that a Post-foreclosure notice to third-parties is irrelevant to G. L. c. 244, § 15A is not part of the exercise of the power of sale contained in the Mortgage.

10.  The lower court and appellees erred when they did not address appellants argument in the MTD and Order that the appellees under M.G.L. c. 244, § 15A., requires that in the event of a payment default, "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting," before commencing foreclosure proceedings or acquiring title to the property

6

11. The lower court erred when they agreed with appellees that the 2007 foreclosure was rescinded without any evidence in the record.

12. The lower court and appellees also did not properly address appellants arguments that "MERS can never transfer the Note because they have no interest in the Note under their own rules".

13. The appellees also submitted a fake note. See AP ¶¶ 049-050. See Note appellant received from BNY during discovery in 2012 produced with Bate stamp to the appellant See AP¶ 206.

14. The signatures are not the same and the writing on the front of both Notes are different, the Notes are date 06/08/04 in the lower left corner on both Notes, this Note appellees produced has been Photo Shopped. See AP ¶206.

## BACKGROUND

15. On June 22, 2004, Paul Jones executed a note in the amount of $274,550 with Optima Mortgage Corporation ("Optima"). (Dkt No. 11, First Am. Compl. ¶ 14; *id.*, Ex. 1 at 1). See AP ¶120-140. [1]

---

[1] References Appendix is "AP", Verified Amended complaint is "VAC", Appellees referenced as BNY and SPS. Motion for Relief From Stay is MFRS.

16. The appellant's note was transferred to a trust controlled by BNY, and then securitized along with many other similar loans on September 28, 2004. See Dck #11 ¶ 33,39.

17. The appellant fell behind on his mortgage, BNY attorney Steven Ablitt filed a Complaint to foreclose in the Land Court claiming they were assigned the mortgage which was false, it is dated 11/06/06. The First assignment id dated 11/20/06 See AP ¶ 163.

18. Appellant filed for Bankruptcy protection in 02/07/07.

19. Ablitt on behalf of appellees filed a Motion For Relief From Stay ("MFRS") in the Bankruptcy court ("BKC") on 05/17/06 and claimed Countrywide Home loans was the holder of the mortgage appellants attorney objected and pointed out that BNY had claimed ownership in their Land Court Complaint on 11/06/06, appellees voluntarily withdrew their MFRS. See AP ¶ 149-155.

20. On 08/08/07 Ablitt filed a second MFRS in the BKC with the first Assignment of Mortgage attached to it which was executed on 11/20/2006. See AP ¶ 156-163.

Case: 23-1078    Document: 00118016216    Page: 9    Date Filed: 06/01/2023    Entry ID: 6571587

21. This first Assignment of Mortgage was dated 14 days (11/20/06) after the appellees filed the first foreclosure complaint in the Land court on 11/06/06. See AP ¶ 163.

22. The Mortgage was purportedly assigned to the Bank of New York two (2) weeks after the foreclosure had been filed. See AP ¶ 163.

23. The BKC granted appellees BNY MFRS on 08/27/07 Appellees attorney Steven Ablitt never filed the First assignment that was attached to their MFRS in the Norfolk Registry of deeds. See AP ¶ 163.

24. Appellees BNY attorney Ablitt made a new Second assignment. The Notary signature is illegible. The Assignment purports to transfer the Note with it. See AP ¶ 222.

25. Another Assignment of Mortgage was done by MERS as Nominee for Optima Mortgage Corporation which appellees used to get their Motion For Relief from Stay because it was defective, because it was made two weeks after appellees first claimed they were assigned the mortgage on 11/06/06 in the Land court fore -closure complaint. See AP ¶ 163 See also See AP ¶ 141.

26. The date the notary signed the second assignment first had 10/10/06. The date was crossed out and 01/25/08 was written in after appellant attorney pointed out Sandra J. Robinson ("SJR") was not a notary on 10/10/06. See AP ¶ 247-248.

27. BNY first foreclosed on appellants' home the on Dec 3, 2007.

28. Appellees filed the first of seven Summary processes in Stoughton District Court on 01/28/08 Steven Ablitt produced the second assignment date 10/10/06. See AP ¶ 149.

29. Appellant attorney John Cullen informed attorney Steven Ablitt SJR wasn't a notary on 10/10/06 and showed him uncertified documents from the Texas Secretary of States office appellee BNY attorney Steven Ablitt dismissed the summary process. See AP ¶ pg. 247-248 ¶ 01/28/08.

30. On March 3, 2008, Ablitt on behalf of BNY filed a second Summary Process. This time Ablitt had produce the second assignment with the date of 10/10/06 scratch out and 01/25/08 written in but unrecorded, he sent a new attorney that was unfamiliar with the case. See AP ¶ pg. 158. ¶ 5-19 Transcript.

Case: 23-1078    Document: 00118016216    Page: 11    Date Filed: 06/01/2023    Entry ID: 6571587

31. The appellees BNY attorney agreed the case should be dismissed because after he seen the land court complaint dated 11/06/06, First assignment dated 11/20/06 and the Second assignment date 10/10/06 and no Foreclosure deed (Assignment) filed in the registry in front of the court. See AP ¶ pg. 158. ¶ 5-19 Transcript

32. The appellant's attorney asked it to be dismissed with prejudice, Judge Karen White agreed and dismissed the case with prejudice was. See also AP ¶174-176.

33. After the appellant's attorney retired because of illness, Ablitt refiled a Motion for reconsideration and it was grant, discovery pursued then the case was Stay for 2 years while Ibanez was being decided.

34. Also appellee BNY failed to notify the Stoughton Ma town hall they were the new owners for approximately 10 years from Dec 3, 2007-April 2018 which is contrary to G. L. c. 244, § 15A.

35. The appellants case went dormant until 09/14/17 appellees SPS filed a second foreclosure complaint in the land court, without ever rescinding the first foreclosure. See also AP ¶ 213-215.

Case: 23-1078    Document: 00118016216    Page: 12    Date Filed: 06/01/2023    Entry ID: 6571587

36. Appellees SPS sent appellant a default notice not the Lender. See also AP ¶056-071.

37. The appellees BNY or SPS did not attempt to avoid foreclosure by attempting to set up a face to face meeting with the appellant or make a reasonable effort to arrange such a meeting.

38. The appellees BNY and SPS foreclosed on April 9, 2018. See VAC ¶37. See also MTD Dck# 20 ¶ 3.

39. The Defendant BNY did not make the required notification to the Town of Stoughton until more than 4 months after the April 2018 foreclosure sale or about September 11, 2018. See AP ¶ pg. 025 ¶92-93.

40. Appellant filed the complaint in this action on April 24, 2020, and an amended complaint on July 27, 2020. On July 30, 2020, the clerk's office double filed my amended complaint twice and confused the docket. See Dck.# 14,10 and 11.

41. Appellees BNY and SPS moved to dismiss the complaint on 09/01/2020. See Dck.# 19-20. See also AP ¶ 030.

42. Appellant opposed appellees MTD on 10/01/20. See Dck.# 24. See also AP ¶ 079.

43. The court granted their dismissal on 06/03/21, 19 months later on 01/11/23 (See also AP ¶ 099) on 01/11/23 the court put a final dismissal order (See Dck.# 44) appellate timely appeal on 01/13/23. See Dck.# 45. See also AP ¶150.

44. On February 1, 2023, Appellant filed a Proceed In Forma Pauperis the lower court granted it on April 25, 2023. See Dck. 49.

45. Appellant now files this Brief May 25, 2023, because of the holiday it is a few days late, no extensions have been granted as there is some confusion around that issue. See Dck.# 50-51.

## ARGUMENT
## APPELLEES FAILURE TO COMPLY WITH PARAGRAPH 22 OF THE MORTGAGE

46. Appellant contends that the <u>Pinti</u> decision, decided on July 17, 2015, applies to this case. "The statutory power of sale in section 21 of chapter 183 requires compliance "with both 'the terms of the mortgage' and with 'the statutes relating to the foreclosure of mortgages by the exercise of a power of sale.'" <u>Pinti v. Emigrant Mortg. Co., Inc.</u>, <u>33 N.E.3d at 1224</u>."

13

47. It is undisputed and the appellees admitted "SPS, as the authorized servicer acting on behalf of the Trust (BNY) , and lawfully sent the default notice to Jones the April 26, 2017. See also AP ¶156-164.

48. "Paragraph 22 of the mortgage provides that in the event the borrower commits a breach of any term of the mortgage, prior to acceleration of the loan the lender must notify the borrower of "(a) the default; " *Fed. Nat'l Mortg. Ass'n v. Marroquin*, 477 Mass. 82, 85 n.3 (Mass. 2017) (Gants)[2]. . See AP ¶130-131.

49. Because the power of sale is a "substantial power" that permits a mortgagee to foreclose without judicial oversight, we followed the traditional and familiar rule that " 'one who sells under a power [of sale] must follow strictly its terms'; the failure to do so results in 'no valid execution of the power, and the sale is wholly void.' " <u>Pinti</u> , <u>472</u>

---

[2] *Moore v. Dick,* <u>187 Mass. 207, 210–212,</u> <u>72 N.E. 967</u> (1905), quoted in *U.S. Bank Nat'l Ass'n v. Ibanez,*<u>458 Mass. 637, 646,</u> <u>941 N.E.2d 40</u> (2011) (*Ibanez*), was such a case. Others include, e.g., *McGreevey v. Charlestown Five Cents Sav. Bank,*<u>294 Mass. 480, 483–484,</u> <u>2 N.E.2d 543</u> (1936) ; *Smith v. Provin,* 86 Mass. 516, 4 Allen 516, 518 (1862) ; *Roarty v. Mitchell,* 73 Mass. 243, 7 Gray 243, 244 (1856).See also *Pinti v. Emigrant Mortg. Co.,* 472 Mass. 226, n.10 (Mass. 2015).

Mass. at 232–233, 33 N.E.3d 1213, quoting U.S. Bank Nat'l Ass'n v.

Ibanez , 458 Mass. 637, 646, 941 N.E.2d 40 (2011). See Pryor v.

Baker , 133 Mass. 459, 460 (1882) ("The exercise of a power to sell

by a mortgagee is always carefully watched and is to be exercised

with careful regard to the interests of the mortgagor"). *Fed. Nat'l*

*Mortg. Ass'n v. Marroquin*, 477 Mass. 82, 86 (Mass. 2017) (Gants).

50.   The lower stated in its order memorandum to dismiss appellant

Amended Verified Complaint ("AVC") "Paragraph 22 of the mortgage

addresses acceleration and remedies. (Compl., Ex. 1, ¶ 22). As

relevant here, it states that the "Lender shall give notice" of a

default and:

If the default is not cured on or before the date specified in the

notice, Lender at its option may require immediate payment in full

of all sums secured by this Security Instrument without further

demand and may invoke the STATUTORY POWER OF SALE and

any other remedies permitted by Applicable Law ....

If Lender invokes the STATUTORY POWER OF SALE, Lender shall

mail a copy of a notice of sale to Borrower, and to other persons

prescribed by Applicable Law, [i]n the manner provided by applicable law. Lender shall publish the notice of sale, and the Property shall be sold in a manner prescribed by applicable law. See *Jones v. Bank of N.Y.*, 542 F. Supp. 3d 44, 51 (D. Mass. 2021). . See AP ¶103.

51. The lower court further stated "In *Pinti*, the Massachusetts Supreme Judicial Court held that failing to comply with the terms of the notice of default required by paragraph 22 of a mortgage renders the foreclosure sale void. *Id.* at 240, <u>33 N.E.3d 1213</u>." See *Jones v. Bank of N.Y.*, 542 F. Supp. 3d 44, 53 (D. Mass. 2021). See also See AP ¶106.

52. The lower court further stated "Here, SPS was the mortgage servicer of BNY and thus was authorized to act on its behalf. A corporation can only act through agents, whether the agent is human or another entity. Accordingly, the complaint fails to state a claim that defendants violated <u>Mass. Gen. Laws ch. 183, § 21</u> because SPS sent the notice of default. See *Jones v. Bank of N.Y.*, 542 F. Supp. 3d 44, 53 (D. Mass. 2021). See AP ¶107.

53. Once a borrower defaults on a mortgage, <u>G. L. c. 183, § 21</u>, authorizes the mortgagee to foreclose and sell the premises, provided it "first compl[ies] with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of the power of sale." <u>Pinti</u> , <u>472 Mass. at 232</u>, <u>33 N.E.3d 1213</u>, quoting <u>G. L. c. 183, § 21</u>. As we explained in <u>Pinti</u> , <u>supra</u> at 236, <u>33 N.E.3d 1213</u>, "the 'terms of the mortgage' with which strict compliance is required—both as a matter of common law under this court's decisions and under <u>§ 21</u> —include not only the provisions in paragraph 22 relating to the foreclosure sale itself, but also the provisions requiring and prescribing the pre-foreclosure notice of default" (footnote omitted). See <u>Foster, Hall & Adams Co</u> . v. <u>Sayles</u> , <u>213 Mass. 319, 322–324</u>, <u>100 N.E. 644</u> (1913). See AP ¶83-84.

54. The lower court quoted case law from Massachusetts Supreme Judicial Court that clearly states the *Lender must* send the default notice, but failed to follow the MJS precedence in *Eaton v. Federal Nat'l Mtge. Ass'n,*<u>462 Mass. 569, 580–581</u>, <u>969 N.E.2d 1118</u> (2012) ; *Ibanez,*<u>458 Mass. at 647–648</u>, <u>941 N.E.2d 40</u>. *Tamburello v. Monahan,*<u>321 Mass. 445, 446–447</u>, <u>73 N.E.2d 734</u> (1947) (power of

Case: 23-1078    Document: 00118016216    Page: 18    Date Filed: 06/01/2023    Entry ID: 6571587

sale referenced in mortgage was statutory power of sale; lack of compliance with requirement in G.L. [Ter. Ed.] c. 183, § 21, that sale be on or near mortgaged premises rendered foreclosure sale void). or *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, n.11 (Mass. 2015), ":" *Jones v. Bank of N.Y.*, 542 F. Supp. 3d 44, 51 (D. Mass. 2021), See also oppo to MTD Dck. 24 ¶ pg.5-6.

55.   This is true with respect to terms that are connected to the power of sale contained in the mortgage instrument itself, and to terms contained in § 21, the statutory power of sale, or in one of "the statutes relating to the foreclosure of mortgages by the exercise of a power of sale" to which § 21 refers. See *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226 (Mass. 2015) See also *Fed. Nat'l Mortg. Ass'n v. Marroquin*, 477 Mass. 82, 90 (Mass. 2017) (Gants). See AP ¶83-84.

## FAILURE TO COMPLY WITH G.L. c. 244, § 15A
## FAILURE TO NOTIFY TAX COLLECTOR

56.   The appellees admitted that "G. L. c. 244, § 15A is not part of the exercise of the power of sale contained in the Mortgage. Consequently, *the alleged failure to provide notice to third parties of*

*the completed foreclosure sale did not render the April 9, 2018,*

*foreclosure void".* See AP ¶ 83-84. ¶ 3.

57.  The SJC made clear "Illustrated by the cases previously discussed,
our decisions suggest that the mortgage terms requiring strict
compliance are limited to (1) terms directly concerned with the
foreclosure sale authorized by the power of sale in the mortgage, and
(2) those prescribing actions the mortgagee must take in connection
with the foreclosure sale—whether before or after the sale takes
place. *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226 (Mass. 2015).[3]
See AP ¶ 95-96.

58.  "The cases cited in support of that phrase included conditions that
were not directly related to the foreclosure sale itself, but were to be
performed by the mortgagee either before or after the sale. See *id.,*
citing *Smith v. Provin,* 86 Mass. 516, 4 Allen 516 (1862) ("condition"

---

[3] See, *Eaton v. Federal Nat'l Mtge. Ass'n,*462 Mass. 569, 580–581, 969
N.E.2d 1118 (2012) ; *Ibanez,*458 Mass. at 647–648, 941 N.E.2d 40. See
also *Tamburello v. Monahan,*321 Mass. 445, 446–447, 73 N.E.2d 734
(1947) (power of sale referenced in mortgage was statutory power of
sale; lack of compliance with requirement in G.L. [Ter. Ed.] c. 183, § 21,
that sale be on or near mortgaged premises rendered foreclosure sale
void) See also *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, n.11 (Mass.
2015).

requiring strict compliance was recording of affidavit of sale within one year after foreclosure sale); *Roarty v. Mitchell,* 73 Mass. 243, 7 Gray 243 (1856) (strict compliance required by "condition" that mortgagee enter and take possession of land before foreclosure sale); and *Foster v. Boston,* 133 Mass. 143 (1882) (similar to *Roarty v. Mitchell, supra* ). Quoting *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, n.14 (Mass. 2015). See AP ¶ 95-96. See also AP ¶ 034.

59. There are no disputed facts that BNY did not strictly comply with § 15A, which requires a foreclosing bank to notify the tax collector (among other third parties) of a foreclosure sale within 30 days of conveying title. G.L. c. 244, § 15A. See appellees admission AP ¶ 034.

60. Here, BNY did not make the required notification until nine months after the foreclosure sale. See VAC AP ¶ 025 ¶ 92-93. See also *Paiva v. Bank of N.Y. Mellon,* 120 F. Supp. 3d 7, 11 (D. Mass. 2015).

61. Under several SJC decisions, strict compliance with § 15A is required, and the consequence of non-compliance is the invalidation of the foreclosure sale. *See U.S. Bank Nat. Ass'n v. Schumacher,*467 Mass. 421, 432, 5 N.E.3d 882 (2014) (Gants, J., concurring) ("Where

20

a defendant in the summary process action claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in <u>G.L. c. 183, § 21</u>, and the related requirements in G.L. c. 244, §§ 11–17C, proof of *any* violation of these requirements will void the foreclosure sale and, therefore, defeat the eviction.") (emphasis in original); *see also Pinti,* <u>33 N.E.3d at 1224</u>; *Eaton v. Fed. Nat. Mortgage Ass'n,* <u>462 Mass. 569, 581</u>, <u>969 N.E.2d 1118</u> (2012); *Ibanez,* <u>458 Mass. at 646</u>, <u>941 N.E.2d 40</u>. BNY points to no contrary case or other authority for the proposition that strict compliance with the requirements of <u>§ 15A</u> is *not* required. See *Paiva v. Bank of N.Y. Mellon*, 120 F. Supp. 3d 7, 11 (D. Mass. 2015).

62.   his court should conclude, given the nature of the language used by the late Justice Gants, the mandatory language of <u>§ 15A</u> ("*shall*"), the fact that <u>§ 15A</u> is specific to each individual foreclosure rather than a more general directive such as the requirement to maintain a database, and the fact that <u>§ 15A</u> sets forth a specific deadline of 30 days, that, at least until further guidance from the state courts, strict adherence with <u>§ 15A</u> is required. See *Paiva v. Bank of N.Y. Mellon*, 120 F. Supp. 3d 7, 11 n.3 (D. Mass. 2015).

Case: 23-1078   Document: 00118016216   Page: 22   Date Filed: 06/01/2023   Entry ID: 6571587

## FAILURE TO AVOID FORECLOSURE

63.   The appellant plead in the lower court that (1) "Defendants failed to comply with MGL ch. 244, § 15A with taking steps to make a good faith effort to avoid foreclosure or make a reasonable effort to arrange such a meeting [4] was fatal to obtaining the Power of Sale the foreclosure must be voided, because the Mortgage was an "FHA Mortgage".. See AP ¶ 096.

64.   The appellees failed to comply with HUD 24 C.F.R. § 203.604(b), a condition precedent to foreclosure under M.G.L. c. 244, § 15A., which was fatal to obtaining the Power of Sale the foreclosure must be voided . See AP ¶ 216-217.

65.   HUD regulation  states "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting," before commencing foreclosure proceedings or acquiring title to the property. *EverBank v. Chacon*, 92 Mass. App. Ct. 1101 (Mass. App. Ct. 2017). See AP ¶ 216-217.

---

[4] "See Wells Fargo Bank, N.A. v. Cook, 87 Mass. App. Ct. 382, 385–386, 389 (2015) (failure to comply with applicable HUD face-to-face interview regulation would render foreclosure invalid); Jose v. Wells Fargo Bank, N.A., 89 Mass. App. Ct. 772, 774 & n.3 (2016) (same, citing Cook )." *EverBank v. Chacon*, 92 Mass. App. Ct. 1101, n.4 (Mass. App. Ct. 2017).

66. The lower court and the appellees in Their pleadings failed to rebut or even address the points raised by the appellant regarding MGL ch. 244, § 15A face-to-face meeting requirements. See AP ¶ 216-217.

67. This suggest that the lower court and the appellee lacked sufficient on point case law, or legal reasoning to challenge the appellant face-to-face arguments effectively.

68. The lower courts failure to address or the appellees failure to comply with face-to-face meeting or to make a reasonable effort to arrange such a meeting requirements deprived appellees of their right to invoke the statutory power of sale required to foreclose, and the foreclosure was void ab initio. See *EverBank v. Chacon*, 92 Mass. App. Ct. 1101 (Mass. App. Ct. 2017), Jose v. Wells Fargo Bank, N.A., 89 Mass. App. Ct. 772 (Mass. App. Ct. 2016). See AP ¶ 216-217.

## MERS CANNOT TRANSFER THE NOTE

69. MERS executed two Assignment of Mortgage one on 11/06/06 and the other on 10/10/06 but crossed out and put in 01/25/08 purporting to transfer its interest in both the promissory note and Mortgage

"Together with the Note therein described or referred to, appellees (BNY) assignment. See AP ¶ 2,14-15, 218-222.

70. The appellees Confirmatory assignment [5] that was made on 10/21/08 before the foreclosure on 04/08 , attempts to confirm the transfer of the Note with the mortgage effective date of 10/10/06 on the second assignment, when the notary was a licensed notary.  See AP ¶ 054.

71. The language of the assignment might be read to suggest that MERS also purposed to assign the note. It is plain, however, that MERS never held the note. *See Deutsche Bank Nat'l Trust Co. v. Cicchelli,* Nos. 10 MISC. 423350, 10 MISC. 436809, 2011 WL 3805905, at *3 n. 9 (Mass. Land Ct. Aug. 24, 2011). *Culhane v. Aurora Loan Servs. of Neb.,* 708 F.3d 282, 293 n.8 (1st Cir. 2013). See AP ¶ ¶ 2,14-15, 218-222.

72. Appellees may not rely on the recorded or unrecorded assignments or the Confirmatory assignment transferring  plaintiff's mortgage and Note from MERS to BNY as evidence that the note was

_____

[5] Appellees have created 4 assignments and 1 Confirmatory assignment purportedly Transferring the Mortgage and Note from MERS. See AP ¶ ¶ 002,014-015, 054, 218-222.

24

transferred to it. While all 5 assignments purports to assign both
the mortgage and the note. See AP ¶¶ 054, 218-222.

73.   MERS, which is a registry system that tracks the beneficial
ownership and servicing of mortgages, was never the holder of the
note, and therefore lacked the right to assign it. "See, e.g.,
Landmark Nat. Bank v. Kesler, 289 Kan. 528, 536, 216 P.3d 158, 164
(2009) (providing a profile of MERS). " *In re Thomas*, 447 B.R. 402,
412 (Bankr. D. Mass. 2011). See also  Doc # 24 Oppo to MTD pg. 2-3.
See also Appendix 222.

74.   While MERS was the mortgagee of record, it was acting only as
nominee for Optima Mortgage, its successors, and assigns. MERS is
never the owner of the obligation secured by the mortgage which it
is the mortgagee of record. *See, e.g., Landmark Nat. Bank v. Kesler*,
289 Kan. 528, 536, 216 P.3d 158, 164 (2009) (providing a profile of
MERS). See also *In re Thomas*, 447 B.R. 402, 412 (Bankr. D. Mass.
2011). See AP ¶¶ 014-015, 080-081.

75.   "MERS never held the promissory note, thus its assignment of the
mortgage to BNY had no force." 284 S.W.3d at 624; see also *In re
Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage

Case: 23-1078   Document: 00118016216   Page: 26   Date Filed: 06/01/2023   Entry ID: 6571587

note language does not expressly or implicitly authorize MERS to transfer the note); *In re Vargas*, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) there is no evidence of or in record that establishes that MERS neither held the promissory note or was given the authority to assign the note."). *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 540-41 (Kan. 2009). See also *Contreras v. Bank of N.Y. Mellon*, CIVIL ACTION No. 12-10624-RWZ, at *6 (D. Mass. Mar. 27, 2013). See AP ¶ 014-015.

76. The former assignee Optima mortgage Corporation still hold technical legal title to mortgage property as mortgagee (former assignee of mortgage note and mortgage who had retransferred note and canceled unrecorded mortgage assignment might still hold technical legal title to mortgage property as mortgagee but has no equitable right to disturb mortgagor's possessory interest and cannot bring action to foreclose mortgagor's equity of redemption because no money is due from mortgagor to him; only mortgagee with interest in underlying debt can so enforce mortgage). See also *Wolcott v. Winchester*, 81 Mass. 461, 15 Gray at 465 ("As a purchaser [of a mortgage without the underlying note], [defendant]

must have known that the possession of the debt was essential to an effective mortgage, and that without it he could not maintain an action to foreclose the mortgage"). See Cf. *Weinberg v. Brother*, 263 Mass. 61, 62, 160 N.E. 403 (1928). See also *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 578 (Mass. 2012).

77.   Mass. Gen. Laws ch. 244, § 14, requires an entity seeking foreclosure to hold both the mortgage and the original note. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569 (2012). also See Doc # 24 Oppo to MTD ¶pg. 2-3. ("A mortgage cannot be made available without connecting it with the debt or duty secured thereby. To one who has not the debt, it is of no value as property, as it could at most be only resorted to as a trust for the benefit of the holder of the note"). See generally 1 F. Hilliard, Mortgages at 216 n.(c) See also *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 577 (Mass. 2012).

78.   BNY transferred plaintiffs Mortgage & Note before the PSA closing date of September 28, 2004, The Trustee's s claim of being the legal holder of the mortgage and note cannot be substantiated there are no documents in the  records before this court that BNY can show a perfected Chain of Title of the Mortgage and Note from

the Originator of the loan to the Trustee which will create the Power of Sale, defendant have not put forth a complete chain of title or a Signed PSA that show that the plaintiff mortgage wasn't already in the pool when the assignment was made. See Dck # 24 ¶ pg. 9-10. First Am. Compl. ¶¶ 64, 66, 73. (referring to the PSA); See also AP ¶¶ 020-021.

79. The sister circuit states "New York state courts have held that a lender does not have standing to commence a foreclosure action when its assignor, MERS, neither received the right to transfer the mortgage note nor physically possessed the underlying mortgage note. *See, e.g., Bank of N.Y. v. Silverberg,*86 A.D.3d 274, 926 N.Y.S.2d 532, 538–40 (2d Dep't 2011).*Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 140 (2d Cir. 2014).

## APPELLANT HAS STANDING TO CHALLENGE THE ASSIGNMENT

80. The First Circuit's decision in <u>Culhane</u> establishes that "a mortgagor has standing to challenge the assignment of a mortgage on her home to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgage." See *Culhane v.*

28

*Aurora Loan Servs. of Neb.*, 708 F.3d 282, 286 (1st Cir. 2013).See also *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 727 (1st Cir. 2022). Also See AP ¶ 086-087.

81.   The Plaintiff never makes no such claim as one of the parties to the PSA and does not seek to enforce any rights under the terms of the PSA, but rather he seeks to defend his tit)e on the basis of the invalidity of the timing of the assignment that defendant BNY solely relies upon and plaintiffs' claims are based upon the timing of plaintiff's mortgage assignment that the Trust's failure to convey to the trust (BNY) under the requirements of its Governing Instruments under Massachusetts Section 14 'Statutory Power of Sale G.L.c 183, § 21, See *Juarez* v. *Select Portfolio Servicing, Inc. 708 F.3d 269 (1st Cir. 2013).* Also See AP ¶ 086-087.

82.   But it is certainly one thing to question whether an assignment took place pursuant to the terms of a loan trust's governing documents (in this case. the PSA), and quite another to question whether the assignment took place as Section 14 requires and Massachusetts State Laws including 'Statutory Power of Sale G.L.c

183, § 21,. See *Juarez* v. *Select Portfolio Servicing, Inc. 708 F.3d 269 (1st Cir. 2013).* Also See AP ¶ 086-087.

## APPELLEES FAILURE TO RESCINDED 2007 FORCLOSURE

83. The argument in the case challenges the lower court's conclusion and the appellees' claim regarding the rescission of their earlier 2007 foreclosure, which they failed to even rebut appellants allegations that they did not rescind the 2007 foreclosure. See AR ¶ 014. See also MTD Order AP ¶ 102 .

84. The lower court and appellees erred in assuming, without any evidence in the record, "However, at some point, the foreclosure appears to have been rescinded. See AR ¶ 014. See also MTD Order AP ¶ 102.

85. The erroneous assumption that "The 2007 foreclosure was subsequently rescinded" influenced the lower court's decision to include the appellees statement in the Motion to Dismiss order. See AR ¶ 014. See also MTD Order AP ¶ 102.

86. Appellees provided no documentation on the record and failed to inform appellant or provide public notice that the 2007 foreclosure

sale was ever rescinded " *Sjostedt v. Ditech Fin., LLC*, Civil Action
No.: 17-10425, at *9 (D. Mass. Feb. 21, 2018).

87. The court erred in taking the appellees' word and found that the
mortgage was rescinded without any documentation in the record,
without a writing reflecting an agreement, there was no proof
appellees rescinded the foreclosure. See *Shaw v. Bank of Am.*, Civil
No. 10-cv-11021, at *15 (D. Mass. Jan. 15, 2015).

88. Appellant's rescinding argument highlights the lack of
documentation supporting the appellees' claim and questions the
validity of the lower court's ruling (MTD Order). The lower court
had no concrete evidence and did not followed proper legal
procedures in reaching a judgment that appellees rescinded the
2007 foreclosure.

## APPELLEES ASSIGNMENT IS VOID

89. A Private Investigator ("P.I") William N. Albright ("P.I") delivered
served SJR in Texas , he showed her the assignment and she stated
that a non-notary Tiffany Skaife changed the date on the

31

assignment from 10/10/06 to January 25, 2008, See AP ¶211. Doc #
24 Oppo to MTD AP ¶ 084-085.

90.   The entire meeting was recorded (CD provided to Clerk), Texas a
      "one-party consent" state. See also copy of CD attached.

91.   SJR became a notary after 17 years on  March 15, 2007, and she
      stated that she "did not change any date on the assignment and that
      the operation of Countrywide/Bank of America the creators of the
      assignment were so against what I (She) believe at the time, but I
      felt powerless to do anything about it ". See AP ¶¶  247-248, See also
      oppo to MTD See AP ¶ 085. See also Affidavits AP ¶¶  209-212. See
      also copy of CD attached.

92.   Sandra j. Robinson *confirmed* on July 24, 2020, that everything in
      the affidavit the P.I prepared Eight years ago was true & correct.
      See CD attached. See also Oppo to MTD AP ¶85. See also Affidavits
      AP ¶¶  209-212.

93.   The lower court failed to take affidavits into consideration "On a
      motion to dismiss, [the court] may also consider 'documents
      incorporated by reference in [the complaint], matters of public

record, and other matters susceptible to judicial notice.'" Squeri v.

Mount Ida Coll., 954 F.3d 56, 61 (1st Cir. 2020).

## APPELLES DID NOTE HOLD THE NOTE AND MORTGAGE WHEN THEY FORCLOSED

94.   Appellees BNY 01/25/08 assignment is void as MERS transfer was

invalid, a transfer of a mortgage is a transfer of an interest in land;

["must be treated as such"), see Ibanez at p. 649]., Purported

"transfers" under a PSA are not immune from Massachusetts real

property law, [see Ibanez at p. 649].

95.   The plaintiff repeatedly alleges throughout the amended

complaint that appellees did not hold the mortgage and Note at the

time they foreclosed, therefore, had no right to exercise the power of

sale, Statutory Power of Sale G.L.c 183, $\S$ 21 , Section 22 and 19 of

the mortgage, *Ibanez* clearly held that a foreclosure carried out by

an entity that does not hold the power of sale is void. *See* 941 N.E.2d

at 50, 53. See also Oppo to MTD AP ¶ 080.

96.   The record contains no evidence of a corresponding transfer of

the note. The note was indorsed in blank by Countrywide on an

undetermined date. " *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 573 (Mass. 2012).

## MGL 93a DEMAND LETTER

97.   This appellant allege that he sent a demand letter to the appellees ("Plaintiff must reference he sent demand letter") Quoting Flores v. One West Bank, 886 F.3d 160, 167 (1st Cir. 2018).

98.   The lower courts stated I sent a demand letter, but I didn't have to. This is undeniable evidence plaintiff referenced his 93a demand letter in his complaint that was Verified which must be treated as an affidavit.

99.   This court has stated "unsworn written statement may be given same weight as an affidavit when the requirements of 28 U.S.C. § 1746 -- statement signed "under penalty of perjury that [the statements are] true and correct" -- are met" *Rodríguez-Severino v. UTC Aerospace Sys.*, No. 20-1901, at *20 (1st Cir. Oct. 27, 2022).

# CONCLUSION

Further, for the reasons stated above, all Count should be reversed, and remands appellees should be found to have (1) Failed to comply with paragraph 22 of the mortgage and the foreclosure is Void (2) Fail to Notify Tax Collector under G.L. c. 244, § 15A, Void (3) Fail to take steps to make a good faith effort to avoid foreclosure or a reasonable effort to arrange a meeting. Void (4) MERS could not transfer the Mortgage it Void. (5) Appellant has Standing to challenge assignment (6) Appellees Failed to Rescind 2007 Foreclosure. (7) reverse and remand plaintiffs MGL 93 a claims demand letter sent was referenced in the VAC.

Paul Jones  /s/ Paul Jones                    March 25, 2023

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com

# CERTIFICATE OF COMPLIANCE

This brief submitted under Rule 28.1(e)(2) complies with Rule 32(a)(7)(C), with less than 6500 words, written in Microsoft word converted to pdf.

Paul Jones /s/ Paul Jones Appellant          May 25, 2023

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

617-939-5417

# CERTIFICATE OF SERVICE

I swear under penalty of perjury I have sent a copy to all attorneys of
record on this 25th day of May.


Paul Jones /s/ Paul Jones Appellant          May 25, 2023

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

617-939-5417